**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**SUHEL M. POLANCO,**

                         **Plaintiff,**

            **-against-**

**CHARLES J. DEYE, et al.,**

                         **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**10-CV-2314 (JG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

         Currently pending before this Court is defendants' letter dated January 10, 2012, seeking to extend discovery and to compel plaintiff to respond to defendants' supplemental interrogatories concerning her post-accident activities. See Def. Mot. for Extension of Time (Jan. 10, 2012), Electronic Case Filing ("E.C.F.") Docket Entry ("D.E.") #18. Plaintiff objects to the interrogatories as irrelevant, overly broad and burdensome. See Letter to the Court from Andrew Park (Jan. 17, 2012) ("Pl. Letter"), D.E. #21.

         While plaintiff's objections do not appear to be well taken,[1] the fact remains that defendants' supplemental interrogatories are untimely, inasmuch as they are dated December 15, 2011, the day fact discovery ended. See, e.g., Gavenda v. Orleans County, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) (granting motion for a protective order as to demand for documents served two days before discovery deadline); Foreman v. AT&T, No. 92 Civ. 904 (DAB), 1995 WL 49271, at

---

[1] Regardless of whether or not plaintiff is seeking lost wages, her ability to engage in her normal professional activities, and, in particular, her ability to handle film-making equipment, is relevant to her contention that the injuries sustained in this case resulted in physical limitations that continue through the present time. As for plaintiff's charge of undue burden, that argument is undermined by her claim that she "did not and does not maintain such records." Pl. Letter at 2. It would hardly be burdensome for plaintiff to respond (from memory) to interrogatories concerning nine projects that she worked on and, to the extent she has no recollection, to so state.

*1 (S.D.N.Y. Feb. 8, 1995) (sustaining ruling that interrogatories served one day before discovery deadline were untimely).

Notably, Judge Carter, the magistrate judge previously assigned to the instant case, had granted several (timely) requests to extend the discovery deadlines, including fact discovery, which originally closed on June 30, 2011. See Minute Entry (Sept. 24, 2010), D.E. #5; see also Order (June 30, 2011), D.E. #11 (extending fact discovery to August 30, 2011); Scheduling Order (Aug. 10, 2011), D.E. #14 (extending fact discovery to October 31, 2011). Defendants did not timely seek to extend discovery in order to serve their supplemental interrogatories, nor have they shown good cause for reopening discovery. Their application for a compulsion order is therefore denied, as is their belated request for an extension of discovery. See Watkins v. Chang & Son Enterprise Inc., No. 08-CV-1361 (ERK), 2008 WL 4682332, at *1 (E.D.N.Y. Oct. 21, 2008) (denying motion to compel production of documents where demand was not timely served); Harris v. Computer Assocs. Int'l, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("It is not an abuse of discretion to deny a request to reopen discovery when the requesting party previously asked for discovery extensions, and then waited until the last day of discovery to serve its requests.").

The parties are directed to comply with the expert disclosure exchange deadlines set forth in Judge Carter's Order of October 20, 2011. See Minute Entry (Oct. 20, 2011). A settlement conference will be held on February 22, 2012 at 10:00 a.m.

**SO ORDERED.**

Dated: Brooklyn, New York
January 20, 2012

                                                **ROANNE L. MANN**
                                                **UNITED STATES MAGISTRATE JUDGE**